1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    ANTHONY S. PERRI,

11              Plaintiff,

12         v.

13    WILLIAM JEFFERSON CLINTON, et
      al.,

14              Defendants.

CASE NO. 3:22-CV-5716-DGE

REPORT AND RECOMMENDATION

Noting Date: October 28, 2022

15

16         Plaintiff Anthony S. Perri, proceeding *pro se*, initiated this action on September 27, 2022.

17    *See* Dkt. 1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma*

18    *Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel

19    pursuant to Amended General Order 11-22.

20         Having reviewed Plaintiff's Application to Proceed IFP and screened the Proposed

21    Complaint under 28 U.S.C. § 1915(e)(2), the Court recommends Plaintiff's Application to

22    Proceed IFP be denied and this case be dismissed.

23

24

REPORT AND RECOMMENDATION - 1

1    **I.      Background**

2         On September 27, 2022, Plaintiff filed the Proposed Complaint naming William Jefferson

3    Clinton, Hillary Rodham Clinton, Chelsea Clinton, Barack Hussein Obama, Michelle Obama,

4    Joseph Robinette Biden, Karine Jean Pierre, and the United States of America as Defendants.

5    Dkt. 1-1. Plaintiff filed the Application to Proceed IFP that same date. Dkt. 1.

6    **II.     Discussion**

7         The district court may permit indigent litigants to proceed IFP upon completion of a

8    proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in*

9    *forma pauperis* . . . in civil actions for damages should be allowed only in exceptional

10   circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad

11   discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.

12   1963), *cert. denied* 375 U.S. 845 (1963).

13        Notwithstanding IFP status, the Court must subject each civil action commenced pursuant

14   to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case

15   that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

16   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

17   *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

18   1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

19   2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

20   *sponte* dismiss an IFP complaint that fails to state a claim).

21        Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court

22   will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible

23   claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal

24

without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's Proposed Complaint is incoherent. *See* Dkt. 1-1. The facts alleged by the Plaintiff do not rise above the speculative level and are largely outside the realm of possibility. For example, Plaintiff mentions that Defendants are responsible for his brother being shot in 1992 and his sister being attacked by gang members. *Id.* at 3. He also appears to allege former president Clinton and Supreme Court Justice Brett Cavanaugh attacked Plaintiff while Plaintiff was in custody. *Id.* at 3, 6. Plaintiff does not articulate any cognizable legal claims against Defendants. Therefore, the Court finds the Proposed Complaint fails to state a claim upon which relief can be granted and is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegations not supported by any facts."); *see also Norton v. Amador Cnty. Detention Facility*, 2009 WL 3824755 slip op. at 2 (E.D. Cal. 2009) (listing cases dismissed based upon fantastical or delusional allegations).

The Court further finds the Proposed Complaint fails to contain factual allegations that could plausibly give rise to a claim and, thus, the undersigned finds dismissal without leave to amend is appropriate in this case.

### III.    Conclusion

For the above stated reasons, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 3) be denied and this case be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 28, 2022, as noted in the caption.

Dated this 11th day of October, 2022.

David W. Christel
United States Magistrate Judge